Leon SANDERS, Plaintiff,

v.

Carolyn W. COLVIN, Acting Commissioner, Social Security Administration, Defendant.

Case No. 2:12–CV–2093–VEH.

United States District Court,
N.D. Alabama,
Southern Division.

Jan. 15, 2014.

Darryl W. Hunt, Clark James Hanlin & Hunt LLC, Birmingham, AL, for Plaintiff.

Jenny L. Smith, U.S. Attorney's Office, Birmingham, AL, Laura Anne Verduci, Social Security Administration, Atlanta, GA, for Defendant.

## *ORDER*

VIRGINIA EMERSON HOPKINS, District Judge.

Pending before the court is Plaintiff's Motion for an Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (the "EAJA") (Doc. 12) (the "EAJA Motion"),[1] filed on December 5, 2013. On December 9, 2013, the court entered an order directing Defendant to show cause within twenty (20) days why the EAJA Motion should not be granted. (Doc. 13).

Defendant filed her response on December 30, 2013, which seeks a two-hour reduction in the amount of compensable hours from 20.90 to 18.90. (Doc. 14 at 7, 3, 1). Defendant contends that such a reduction is appropriate because "Plaintiff is asking for at least 2 hours of clerical tasks." (*Id.* at 7).

The opinions upon which Defendant specifically relies in an effort to persuade this court that certain time entries submitted by Plaintiff's counsel were unreasonably expended, *see Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) ("The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'" (quoting S.Rep. No. 94–1011, p. 6 (1976))), and, consequently are appropriately subject to a reduction, are all nonbinding cases decided by other district court judges.[2] (Doc. 14 at 4–5).

Further, Defendant's parenthetical reliance (Doc. 14 at 4) upon the Eleventh Circuit's decision in *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1306 (11th Cir.1988), pertains to an apparent bookkeeping-based objection over fees and, regardless, is taken out of context:

The law of this circuit requires reasoned explanation with reference to the court's finding that thirty of the hours expended were primarily for bookkeeping services. This court has examined the documents in the record and the fee application and can find neither evidence of thirty hours being expended on such work, nor evidence that the performance of such work inevitably occurred to any significant degree. Accordingly, this court can find no basis for the reduction. *To be sure, the trial judge can judicially notice a rate for bookkeeping work or work customarily done by paralegals and it is equally true that a fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment.* Where such an adjustment is made the district court must provide an identification of the hours falling within this category or at least point to circumstantial evidence from which it infers that substantial work of this nature was done. The district court's decision on this point is reversed and remanded for reconsideration in light of the principles announced here.

*Norman*, 836 F.2d at 1306 (emphasis added). Thus, *Norman* does not hold that

---

**1.** Any page references to Doc. 12 correspond with the court's CM/ECF numbering system.

**2.** Defendant cites to *Hensley* and other binding authorities for more general propositions only.

seeking fees for an attorney's: (i) preparation of a summons, complaint, and an oath of an inability to pay costs; (ii) communication with a client by way of a transmittal letter; or (iii) receipt and review of *legal* documents specifically related to a client's case (*see* Doc. 14 at 6–7 (detailing Defendant's particular objections)) is intrinsically unreasonable. In fact, *Norman* ultimately reverses the district court's inadequate attempt to discount the disputed fees as unreasonable and remands that ruling for further consideration.

The court has reviewed Plaintiff's counsel's time entries offered in support of the claimed fees in this appeal and concludes that the ones contested by Defendant are not clerical in nature, but rather involve services essential to providing competent legal representation, and, therefore, finds them all to be appropriately compensable. Accordingly, the court overrules each one of Defendant's clerical-based objections.

Therefore, the EAJA Motion is **GRANTED,** and $3,844.14 in EAJA fees is **HEREBY AWARDED** to Plaintiff Leon Sanders. If Plaintiff owes no federal debt, then, consistent with Plaintiff's assignment of those fees (Doc. 12 at 7) and the language set forth in the court's show cause order, such award should be made payable directly to his attorney: Darryl W. Hunt, Clark, James, Hanlin & Hunt, L.L.C., P.O. Box 638, Birmingham, Alabama 35201–0638. If, however, the United States Department of Treasury does determine that Plaintiff owes a federal debt, then the EAJA fees should be made payable to Plaintiff and sent to him care of his attorney at the above address.